UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL M. PIATNITSKY,

                Plaintiff,

    v.

BELINDA STEWART, et al.,

                Defendants.

CASE NO. C17-5486 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 60, and Plaintiff Samuel Piatnitsky's ("Piatnitsky") objections to the R&R, Dkt. 61.

On February 27, 2019, Judge Fricke issued the R&R recommending that the Court grant Defendants' motion for summary judgment and dismiss Piatnitsky's claims. Dkt. 60. On March 7, 2019, Piatnitsky filed objections. Dkt. 61. On March 21, 2019, Defendants responded. Dkt. 63.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

1   modify the recommended disposition; receive further evidence; or return the matter to the

2   magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

3        In this case, Piatnitsky asserts eight objections. First, he claims that he is not

4   challenging the Department of Corrections' ("DOC") policy regarding whether he

5   qualified for Passover meals in 2017. Instead, he is challenging DOC's refusal to provide

6   matza when his father offered to pay for it. Dkt 61 at 2–3. Defendants argue that this

7   claim is outside the scope of Piatnitsky's complaint and should not be considered at this

8   stage of litigation. Dkt. 63 at 2. The Court agrees with Defendants and will not consider

9   Piatnitsky's newly-raised claim.

10       Second, Piatnitsky asserts that there is no proof DOC incorporated

11  recommendations from the Jewish Federation of Greater Seattle in its Passover meal

12  policy. Dkt. 61 at 3. This issue is irrelevant to any of Piatnitsky's claims. Therefore, the

13  Court declines to consider this objection.

14       Third, Piatnitsky challenges the recommendation in the R&R that Defendants are

15  entitled to qualified immunity on his First Amendment free exercise claim. Dkt. 61 at 3–

16  4. Piatnitsky, however, fails to cite any authority for the proposition that the law was

17  clearly established when Defendants allegedly violated his rights. Therefore, Piatnitsky's

18  objection and claim fail for the same reason.

19       Fourth, Piatnitsky argues that precedent was established in some other Circuit that

20  Defendants' actions blatantly violated his rights. Dkt. 61 at 4–6. It is Piatnitsky's burden

21  to cite clearly established law and vaguely referencing some case in some other Circuit

22  does not meet that burden. Moreover, even if such a case existed, it would at most

1 | establish that the law is not clearly established in this Circuit. Therefore, Piatnitsky's

2 | objection is without merit.

3 | Fifth, Piatnitsky objects to the recommendation in the R&R that he failed to

4 | exhaust his retaliation claim. Dkt. 61 at 6–8. Piatnitsky asserts that he possessed a

5 | genuine fear that DOC grievance coordinator Dennis Dahne ("Dahne") would retaliate

6 | against him if he filed another grievance. *Id.* Piatnitsky must exhaust his administrative

7 | remedies unless threats and intimidation render the grievance process effectively

8 | unavailable. *See Pryor v. Webb*, CV 11-8854-VAP-PLA, 2013 WL 3270870, at *5 (C.D.

9 | Cal. June 24, 2013) (collecting cases). Piatnitsky asserts that his fear was based on one

10 | face-to-face interaction with Dahne where Dahne's "mannerisms were threatening and

11 | not subtle." Dkt. 61 at 6. The Court finds that such allegations do not render the

12 | grievance process unavailable. Instead, Piatnitsky "has shown no more than a

13 | generalized fear of retaliation, which is insufficient to excuse him from exhausting his

14 | administrative remedies." *Pryor*, 2013 WL 3270870, at *5. Therefore, the Court adopts

15 | the R&R on this issue.

16 | Sixth, Piatnitsky objects to the Court granting Defendants qualified immunity

17 | because the DOC's policymaking is "sporadic" and "mind boggling." Dkt. 61 at 8.

18 | Piatnitsky has failed to show that either of these reasons overcomes qualified immunity.

19 | Therefore, the objection is without merit.

20 | Seventh, Piatnitsky objects to the Court granting Defendants qualified immunity

21 | because his father was willing to pay for his matza. Dkt. 61 at 9. Similar to the previous

22 |

1  objection, Piatnitsky has failed to show that this reason overcomes qualified immunity.

2  Therefore, the objection is without merit.

3  Eighth, Piatnitsky argues that one of his requests for injunctive relief remains

4  outstanding.  Dkt. 61 at 9–10.  The Court, however, has dismissed all his claims and

5  Piatnitsky may not seek injunctive relief of any kind if he has no valid claim for a

6  violation of his rights.

7  Finally, Judge Fricke recommends that Piatnitsky's *in forma pauperis* status

8  remain for purposes of appeal.  Dkt. 61 at 34.  The Court agrees because his claims may

9  be weak but are not frivolous.  *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir.

10  2002) ("If at least one issue or claim is found to be non-frivolous, leave to proceed in

11  forma pauperis on appeal must be granted for the case as a whole.").

12  Therefore, the Court having considered the R&R, Piatnitsky's objections, and the

13  remaining record, does hereby find and order as follows:

14  (1)  The R&R is **ADOPTED**;

15  (2)  Defendants' motion for summary judgment, Dkt. 19, is **GRANTED**;

16  (3)  Piatnitsky's *in forma pauperis* status **shall remain** for purposes of appeal;

17  and

18  (4)  The Clerk shall enter a **JUDGMENT** and close the case.

19  Dated this 23rd day of May, 2019.

20

21

22
　　　　　　　　　　BENJAMIN H. SETTLE
　　　　　　　　　　United States District Judge